IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAMIRO MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-3472 |
| | § | |
| TRENTIN D. FARRELL, ET AL., | § | |
| | § | |
| Defendants. | § | |

### ORDER OF DISMISSAL

Plaintiff, a state inmate proceeding *pro se*, files this section 1983 lawsuit against a state judge, two prosecutors, and two defense counsel. In his amended complaint, plaintiff raises both section 2254 habeas claims and section 1983 civil claims against these defendants, and seeks habeas relief as well as monetary damages.

Having reviewed the pleadings, the record, and public state court records, the Court DISMISSES this lawsuit for the reasons that follow.

### *Habeas Claims*

Plaintiff raises claims challenging the validity of his 2011 conviction and life sentence for capital murder. He requests a new trial before a different judge with different prosecutors and defense counsel. These claims sound in habeas. Under 28 U.S.C. § § 2254(b) (1) and (c), a federal habeas petitioner must exhaust all available state remedies before he may obtain federal habeas relief. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Under this framework, exhaustion means that the petitioner must have presented all of his habeas claims

fairly to the state's highest criminal court before he may bring them to federal court. *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). No such circumstances are alleged or otherwise appear in the instant case.

A review of public court records for the Texas Court of Criminal Appeals shows that plaintiff has not filed an application for state habeas relief with that court. Consequently, he has not presented his habeas claims to the highest state criminal court in Texas, and the claims are unexhausted. To the extent the instant lawsuit may be construed as a section 2254 habeas petition, plaintiff's claims for habeas relief must be dismissed for failure to exhaust.

### *Section 1983 Claims*

Plaintiff also alleges in his amended complaint that a state district judge, two state prosecutors, and two defense attorneys violated his constitutional rights by:

1. presenting a false indictment and coercing false testimony at trial;
2. pressuring the jury into returning a guilty verdict;
3. failing to properly represent plaintiff during trial; and
4. failing to communicate with plaintiff or file motions on appeal.

Plaintiff seeks monetary damages against the defendants. These claims sound in civil rights, not habeas.

Plaintiff's claims against the trial judge are barred by judicial immunity. A judge generally has absolute immunity from suits for damages. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991). Judicial immunity is an immunity from suit, not just from the ultimate assessment of damages. *Id.* at 11. There are only two circumstances under which judicial immunity may be overcome. First, a judge is not immune for non-judicial actions, that is, actions not taken in the judge's judicial capacity. *Id.* Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id.* Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id.* Plaintiff's purported section 1983 claims against the defendant state judge in this case do not raise any exceptions to judicial immunity, and his claims must be dismissed with prejudice under section 1915(e)(2)(B)(i) as barred by judicial immunity.

Further, plaintiff's claims against the state prosecutors in his criminal case are barred by prosecutorial immunity. In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court addressed the immunity granted to a state prosecutor being sued in his individual capacity. Specifically, the Supreme Court held that prosecutors are absolutely immune from civil liability in section 1983 actions when the actions complained of are "intimately associated with the judicial phase of the criminal process . . . in initiating a prosecution and in presenting the State's case." *Id.*, at 430–31. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993). A state prosecutor is entitled to absolute immunity if the actions complained of were taken within the scope of his or her duties as prosecutor. *Boyd v. Biggers*, 31 F.3d 279,

3

279 (5th Cir. 1994); *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). Plaintiff's allegations against the defendant prosecutors here complain of actions taken within the scope of their duties as prosecutors, and the actions were intimately associated with the judicial phase of the criminal process. Consequently, they are entitled to absolute immunity as to plaintiff's section 1983 claims, and the claims must be dismissed with prejudice.

Nor may plaintiff proceed with his claims against his trial and appellate attorneys. A plaintiff seeking relief under section 1983 must establish two essential elements: that the conduct complained of was committed under color of state law by a state actor, and that the conduct deprived him of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). In the instant case, plaintiff's claims against his trial and appellate attorneys are not actionable because a defense attorney is not a state actor within the meaning of that statute. *See Polk County v. Dodson*, 454 U.S. 312 (1981). Accordingly, plaintiff's purported section 1983 claims against his attorneys must be dismissed with prejudice under section 1915(e)(2)(B)(i) as lacking an arguable basis in law and fact. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Regardless, plaintiff fails to allege, and the Court's review of public records for the state courts fails to show, that plaintiff's underlying criminal conviction giving rise to this lawsuit has been reversed, set aside, or otherwise judicially called into question. Thus, plaintiff's claims for monetary damages are barred at this time by *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a claim that attacks the constitutionality of a conviction is not

cognizable under section 1983 and does not accrue until that conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus). Because plaintiff's criminal conviction remains extant at this time, his claims for damages in this lawsuit must be dismissed as barred by *Heck*.

## *Conclusion*

Plaintiff's habeas claims are DISMISSED WITHOUT PREJUDICE for failure to exhaust. A certificate of appealability is DENIED.

Plaintiff's section 1983 claims are DISMISSED WITH PREJUDICE under section 1915A as frivolous, for failure to state a claim, and as barred by immunity and *Heck v. Humphrey*, 512 U.S. 477 (1994). Any and all pending motions are DENIED AS MOOT. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

Signed at Houston, Texas on December 31, 2015.

_____
Gray H. Miller
United States District Judge